UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL CASUALTY COMPANY,

                       Civil Action No. 1:10-CV-02820 (JSR)

                 Plaintiff,

      v.


AMERICAN SAFETY CASUALTY
INSURANCE COMPANY, CITY WASTE
SERVICES OF NEW YORK, INC., and JOEL
LOPEZ       ,

                 Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF NATIONAL CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT

---

                                  CARROLL McNULTY & KULL LLC
                                  570 Lexington Avenue, 10th Floor
                                  New York, New York 10022
                                  (212) 252-0004

                                  Attorneys for Plaintiff,
                                  National Casualty Company

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ........................................................................ 1

FACTUAL BACKGROUND ............................................................................. 2

LEGAL ARGUMENT ....................................................................................... 5

    A.    THE ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE BECAUSE CITY WASTE AND LOPEZ HAVE FAILED TO RESPOND TO THE AMENDED COMPLAINT ............................................................................................. 5

    B.    THE ALLEGATIONS OF THE UNDERLYING COMPLAINT DO NOT MEET THE REQUIREMENTS OF THE COVERAGE GRANT OF THE NATIONAL CASUALTY POLICY ................................................................................. 7

    C.    THE EXPECTED OR INTENDED INJURY EXCLUSION INDEPENDENTLY BARS COVERAGE FOR THIS CLAIM ...................................................... 10

CONCLUSION ................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

<u>Allstate Ins. Co. v. Schimmel</u>,
    22 A.D.3d 616, 802 N.Y.S.2d 510 (N.Y. App. Div. 2005) ....................................................... 11

<u>Allstate Ins. Co. v. Swanson</u>,
    46 A.D.3d 1453, 848 N.Y.S.2d 784 (N.Y. App. Div. 2007) ..................................................... 10

<u>Badian v. Brandaid Communications Corp.</u>,
    03 CIV. 2424 (DC), 2004 WL 1933573 (S.D.N.Y. Aug. 30, 2004)........................................ 5, 6

<u>Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.</u>,
    513 F. Supp. 2d 1 (S.D.N.Y. 2007) ...................................................................................... 5, 6

<u>C. W. Davis Supply Co. v. Newark Ins. Co.</u>,
    60 Misc. 2d 946, 304 N.Y.S.2d 124 (N.Y. Sup. Ct. 1969) ...................................................... 10

<u>Calvert Ins. Co. v. CIGNA Ins. Co.</u>,
    239 A.D.2d 243, 658 N.Y.S.2d 12 (N.Y. App. Div. 1997) ........................................................ 7

<u>Carroll v. Nationwide Mut. Fire Ins. Co.</u>,
    CIV.A. 07C-12-184PLA, 2008 WL 2583012 (Del. Super. Ct. June 20, 2008)........................ 10

<u>Cas. Co. v. Plattsburgh Beauty & Barber Supply, Inc.</u>,
    48 A.D.2d 385, 370 N.Y.S.2d 225 (N.Y. App. Div. 1975) ...................................................... 11

<u>Diversified Fin. Sys., Inc. v. Tomich Corp.</u>,
    95 CV 4211, 1997 WL 177873 (E.D.N.Y. Mar. 28, 1997) ....................................................... 5

<u>Eagle Ins. Co. v. Butts</u>,
    269 A.D.2d 558, 707 N.Y.S.2d 115 (N.Y. App. Div. 2000) ...................................................... 7

<u>Enron Oil Corp. v. Diakuhara</u>,
    10 F.3d 90 (2d Cir. 1993)............................................................................................................ 6

<u>Mary & Alice Ford Nursing Home Co., Inc. v. Fireman's Ins. Co. of Newark, N.J.</u>,
    86 A.D.2d 736, 446 N.Y.S.2d 599 (N.Y. App. Div. 1982) ...................................................... 10

<u>McConnell v. Fireman's Fund Am. Ins. Co.</u>,
    49 A.D.2d 676 , 370 N.Y.S.2d 730 (N.Y. App. Div. 1975) ....................................................... 7

<u>Monter v. CNA Ins. Companies</u>,
    202 A.D.2d 405 , 608 N.Y.S.2d 692 (N.Y. App. Div. 1994) ................................................... 10

Nassau Ins. Co. v. Mel Jo-Jo Cab Corp.,
    102 Misc. 2d 455, 423 N.Y.S.2d 813 (N.Y. Sup. Ct. 1980) .................................................. 8, 9

Nationwide Gen. Ins. Co. v. Royal,
    700 A.2d 130 (Del. 1997) ............................................................................................................ 9

Olin v. Moore,
    178 A.D.2d 517, 577 N.Y.S.2d 446 (N.Y. App. Div. 1991) .................................................... 8

Pistolesi v. Nationwide Mut. Fire Ins. Co.,
    223 A.D.2d 94 , 644 N.Y.S.2d 819 (N.Y. App. Div. 1996) .................................................. 10

R.A. Stuchbery & Others Syndicate 1096 v. Redland Ins. Co.,
    154 Cal. App. 4th 796, 66 Cal. Rptr. 3d 80 (Cal. Ct. App. 2007) ............................................ 9

RLI Ins. Co. v. Premier Coach, Inc.,
    06 CIV. 3426 (NRB), 2008 WL 282126 (S.D.N.Y. Jan. 25, 2008)......................................... 8

Shah v. New York State Dept. of Civil Serv.,
    168 F.3d 610 (2d Cir. 1999)...................................................................................................... 5

State Farm Mut. Auto. Ins. Co. v. Buckingham,
    919 A.2d 1111 (Del. 2007) ...................................................................................................... 10

Tomain v. Allstate Ins. Co.,
    238 A.D.2d 774 , 656 N.Y.S.2d 470 (N.Y. App. Div. 1997) .................................................. 10

Town of Huntington v. Hartford Ins. Group,
    69 A.D.2d 906, 415 N.Y.S.2d 904 (N.Y. App. Div. 1979) .................................................... 10

Towne Bus Corp. v. Ins. Co. of State of Pennsylvania,
    295 A.D.2d 272, 744 N.Y.S.2d 394 (N.Y. App. Div. 2002) .................................................... 7

United Services Auto. Ass'n v. Aetna Cas. & Sur. Co.,
    75 A.D.2d 1022, 429 N.Y.S.2d 508 (N.Y. App. Div. 1980) .................................................... 8

Vital v. Interfaith Med. Ctr.,
    168 F.3d 615 (2d Cir. 1999)...................................................................................................... 6

W. Ins. Co. v. Klug,
    415 N.W.2d 876 (Minn. 1987)................................................................................................... 9

Wing v. E. River Chinese,
    Rest., 884 F. Supp. 663 (E.D.N.Y. 1995) ................................................................................. 5

Statutes

28 U.S.C. § 2201 (2010) ..................................................................................... 4, 6

N.Y. Transp. Law § 2(6) (McKinney 2010) ............................................................ 9

Rules

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 4

Fed. R. Civ. P. 55 ............................................................................................. 5

## PRELIMINARY STATEMENT

Plaintiff, National Casualty Company, respectfully submits this Memorandum of Law in support of its Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  The issuance of a default judgment is appropriate in this case because Defendants, City Waste Services, Inc. ("City Waste") and Joel Lewis Lopez ("Lopez"), have failed to appear, plead, or otherwise defend against National Casualty's Complaint and Amended Complaint. Moreover, substantive material issues of fact do not appear to be in dispute and it appears unlikely that either City Waste or Lopez could demonstrate good cause to vacate a default judgment pursuant to Rule 55(c).

Moreover, National Casualty has satisfied its burden to demonstrate that there is no coverage under the National Casualty Policy.  The injury at issue in the Underlying Action did not result from the "ownership, maintenance or use" of a covered "auto" under well-settled New York case law.  Therefore, National Casualty is not obligated to provide coverage for this claim because City Waste and Lopez are unable to meet the basic terms of the coverage grant in the National Casualty Policy.   In addition, even if there were an injury resulting from the "ownership, maintenance or use" of a covered "auto," the "Expected Or Intended Injury" exclusion precludes coverage for this claim.

Accordingly, this Court should grant National Casualty's Motion for Default against City Waste and Lopez and enter an Order declaring that National Casualty has no obligation to provide a defense or indemnification to City Waste and/or Lopez for the claims asserted against them in a lawsuit pending in the New York Supreme Court, Bronx County, styled Hector Salva v. City Waste Services of New York, Inc. and Joel Lopez, Index No. 08-309214 ("Underlying Complaint"), with costs, interest, and such other relief as the Court deems just and proper.

1

## FACTUAL BACKGROUND

This insurance coverage dispute arises out of an underlying personal injury action in which Joel Lewis Lopez, an employee of City Waste, allegedly struck Hector Salva on the head with a metal pole, thereby causing Salva to suffer from severe and permanent injuries ("Underlying Action").  The Underlying Action is the subject of a lawsuit captioned Hector Salva v. City Waste Services of New York, Inc. and Joel Lopez, Index No. 08-309214 ("Underlying Complaint") in the Supreme Court of New York, Bronx County.  (Ex. A to Decl. of Ann M. Odelson)

**A.**     **The Underlying Action**

The allegations of the Underlying Complaint arise from a physical altercation between Hector Salva ("Salva") and Lopez that took place on July 28, 2008.  Id. ¶ 12.  The Underlying Complaint alleges that Salva and Lopez engaged in a verbal confrontation while driving separate vehicles on the Major Deegan Expressway.  Id.

The allegations of the Underlying Complaint state that following this verbal confrontation, both Salva and Lopez drove their respective vehicles to 5987-A Broadway in the Bronx.  Id. ¶ 13.  Both exited their vehicles and continued to engage in a verbal confrontation at which time Lopez allegedly picked up a metal pole approximately three feet in length and struck Salva on the left side of his head, causing severe and permanent injuries.  Id.

The Underlying Complaint sets forth three counts against the defendants:

- Count I of the Underlying Complaint alleges assault and battery "caused through the sole carelessness, recklessness and negligence" of City Waste and Lopez.

- Count II of the Underlying Complaint alleges personal injuries "caused through the sole carelessness, recklessness and negligence" of City Waste and Lopez.

- Count III of the Underlying Complaint alleges City Waste was "careless, reckless and negligent" in the hiring, training, supervision and retaining of its employee Lopez.

Id. ¶¶ 14-17.

After being placed on notice by City Waste of the claims alleged by the Underlying Action, National Casualty advised City Waste that it would provide Lopez and City Waste with a defense in the Underlying Action subject to a complete reservation of rights.  Id. ¶¶ 25-26.

**B.**     **The National Casualty Policy**

National Casualty issued a commercial auto policy to City Waste Services of New York, Inc., under policy number CAO0208837, effective July 31, 2007 through July 31, 2008, with limits of $1,000,000 each occurrence and a $2,000,000 general aggregate (the "National Casualty Policy").  (Ex. J to Odelson Decl.)  The National Casualty Policy also affords $1,000,000 per each offense and $2,000,000 in the aggregate for "bodily injury" claims.

The National Casualty Policy contains, in pertinent part, the following coverage grant:

SECTION II – LIABILITY COVERAGE

A.     Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

The National Casualty Policy contains the following potentially relevant Exclusion:

B.     Exclusions

This insurance does not apply to the following:

1.     Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

3

The National Casualty Policy also contains the following potentially relevant Definitions:

SECTION V – DEFINITIONS

A.    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage."

B.    "Auto" means a land motor vehicle, trailer, or semitrailer designed for travel on public roads but does not include "mobile equipment."

**C.    The Declaratory Judgment Action**

On March 31, 2010, National Casualty filed its first Complaint for Declaratory Relief under 28 U.S.C § 2201 ("Complaint") against American Safety Casualty Insurance Company ("ASCIC"), City Waste, and Joel Lopez.  (Ex. B to Odelson Decl.)  National Casualty's Complaint was dismissed with leave to amend.  City Waste was served with a copy of the Complaint on April 6, 2010.  (Ex. C to Odelson Decl.)  Lopez was served with a copy of the Complaint on April 9, 2010.  (Ex. D to Odelson Decl.)

National Casualty filed an Amended Complaint on July 21, 2010.[1]  (Ex. E to Odelson Decl.)  By correspondence dated July 30, 2010, counsel for National Casualty advised City Waste and Lopez that pursuant to Court Order dated July 9, 2010, they were required to appear in Court on September 1, 2010 for a conference.  (Ex. F to Odelson Decl.)  This correspondence further advised that any failure to answer the Amended Complaint on or prior to September 1, 2010 would result in the entry of default against City Waste and Lopez.  Id.

Neither City Waste nor Lopez has appeared in this action.  (Odelson Decl. ¶¶ 6-7.)  More than twenty-one days have passed since the date of service of the Amended Complaint on City

---

[1] On August 4, 2010, in lieu of filing an Answer to the Amended Complaint, ASCIC filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Amended Complaint has been dismissed against ASCIC only.

Waste and Lopez. Id. ¶¶ 8-9.  Pursuant to the requirements set forth in the Federal Rules of Civil

Procedure, City Waste and Lopez have failed to answer or otherwise defend the Amended

Complaint. Id. ¶ 10.  Moreover, City Waste is not an infant, incompetent, or on activity military

duty, and Lopez is not an infant, incompetent, or on activity military duty. Id. ¶¶ 11-12.

## LEGAL ARGUMENT

**A.   THE ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE BECAUSE CITY
WASTE AND LOPEZ HAVE FAILED TO RESPOND TO THE AMENDED
COMPLAINT**

Fed. R. Civ. P. 55(b)(2) provides:

By the Court.  In all other cases, the party must apply to the court for a default
judgment.  A default judgment may be entered against a minor or incompetent
person only if represented by a general guardian, conservator, or other like
fiduciary who has appeared.  If the party against whom a default judgment is
sought has appeared personally or by a representative, that party or its
representative must be served with written notice of the application at least 7 days
before the hearing.  The court may conduct hearings or make referrals--preserving
any federal statutory right to a jury trial--when, to enter or effectuate judgment, it
needs to:

(A)     conduct an accounting;
(B)     determine the amount of damages;
(C)     establish the truth of any allegation by evidence; or
(D)     investigate any other matter.

Fed. R. Civ. P. 55(b)(2).  In determining whether a default judgment should be entered under

Fed. R. Civ. P. 55(b)(2), a Court may exercise its sound judicial discretion. Briarpatch Ltd., L.P.

v. Geisler Roberdeau, Inc., 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007); see also Shah v. New York

State Dept. of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999); Badian v. Brandaid

Communications Corp., 03 CIV. 2424 (DC), 2004 WL 1933573 (S.D.N.Y. Aug. 30, 2004).

"The dispositions of motions for entries of defaults and default judgments . . . are left to the

sound discretion of a district court because it is in the best position to assess the individual

circumstances of a given case and to evaluate the credibility and good faith of the parties." Shah,

Vital v. Interfaith Med. Ctr., 168 F.3d 615 (2d Cir. 1999) (quoting Enron Oil Corp. v. Diakuhara,

10 F.3d 90, 95 (2d Cir. 1993)).

> The Court may consider various factors, including:
>
> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.   Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Badian, 2004 WL 1933573 (quotation marks and citation omitted).   Moreover, the Court may

consider whether:   (1) a party has failed to plead or otherwise defend; (2) substantive material

issues of fact appear to be in dispute; and (3) it appears unlikely that a party would be able to

demonstrate the good cause necessary to vacate a default judgment pursuant to Fed. R. Civ. P.

55(c).   Briarpatch, 513 F. Supp. 2d at 3.

Here, National Casualty filed its first Complaint for Declaratory Relief under 28

U.S.C.A. § 2201 ("Complaint") against City Waste and Lopez on March 31, 2010.   (Ex. B to

Decl. of Ann M. Odelson.)   On April 6, 2010, National Casualty served City Waste with a copy

of the Complaint.   On April 9, 2010, National Casualty served Lopez with a copy of the

Complaint. On July 12, 2010, this Court dismissed the original Complaint without prejudice and

with leave to amend and, on July 21, 2010, National Casualty filed an Amended Complaint. (Ex.

E to Odelson Decl.)

City Waste and Lopez have not appeared in this action.   Moreover, City Waste and Lopez

have failed to plead or otherwise defend this action.   More than twenty-one days have passed

since the date of service of the Amended Complaint on City Waste and Lopez.   In addition,

substantive material issues of fact concerning this lawsuit are not in dispute because National

Casualty filed this lawsuit in response to the allegations of the Underlying Complaint and pursuant to the terms, conditions, and exclusions of a policy of insurance issued by National Casualty to City Waste. Finally, no good cause would exist to vacate a default judgment because both City Waste and Lopez have been properly served and have benefitted from numerous opportunities to appear before this Court and respond to the Complaint and Amended Complaint, but have failed to do so.

**B.    THE ALLEGATIONS OF THE UNDERLYING COMPLAINT DO NOT MEET THE REQUIREMENTS OF THE COVERAGE GRANT OF THE NATIONAL CASUALTY POLICY**

The coverage grant of the National Casualty Policy requires that any alleged "bodily injury" result from the "ownership, maintenance or use" of a covered "auto." In interpreting this policy language, New York courts have held that "the determination of whether an accident has resulted from the use or operation of a covered vehicle requires consideration of whether, inter alia, the accident arose out of the inherent nature of the vehicle and whether the vehicle itself produced the injury or, in other words, whether the use of the vehicle was a proximate cause of the injury." Eagle Ins. Co. v. Butts, 269 A.D.2d 558, 558-59, 707 N.Y.S.2d 115, 116 (N.Y. App. Div. 2000). Where the operation or driving function of an automobile or the condition of the vehicle itself is not the proximate cause of the injury, the occurrence does not arise out of its use or operation. McConnell v. Fireman's Fund Am. Ins. Co., 49 A.D.2d 676, 677, 370 N.Y.S.2d 730 (N.Y. App. Div. 1975).

With respect to New York cases involving assault, in Calvert Ins. Co. v. CIGNA Ins. Co., 239 A.D.2d 243, 658 N.Y.S.2d 12 (N.Y. App. Div. 1997), the court held that one student's assault on another on a school bus did not arise out of the "use" of that vehicle for the purposes of automobile coverage. Likewise, in Towne Bus Corp. v. Ins. Co. of State of Pennsylvania, 295 A.D.2d 272, 744 N.Y.S.2d 394 (N.Y. App. Div. 2002), the court held that the alleged sexual

7

assault of a passenger by an insured's bus driver did not arise out of the "ownership, maintenance or use" of a covered auto under the auto policy.  See also Olin v. Moore, 178 A.D.2d 517, 577 N.Y.S.2d 446 (N.Y. App. Div. 1991) (holding that van passenger's death due to stabbing by fellow van passenger did not arise out of "negligence in the use or operation" of a motor vehicle); United Services Auto. Ass'n v. Aetna Cas. & Sur. Co., 75 A.D.2d 1022, 1022, 429 N.Y.S.2d 508, 510 (N.Y. App. Div. 1980) (holding that not every injury occurring in or near motor vehicle is covered by phrase "use or operation" and concluding that accident must be connected with use of automobile qua automobile).

In RLI Ins. Co. v. Premier Coach, Inc., 06 CIV. 3426 (NRB), 2008 WL 282126 (S.D.N.Y. Jan. 25, 2008), the driver of a bus exited the bus at the time an alleged assault took place.  The assault involved individuals who were never passengers on the bus.  Based on the foregoing, the court held in favor of the carrier:

> This requirement is not met here because use of the bus was not the proximate cause of [Plaintiffs'] injuries.  The use or ownership of the bus may have been the but-for cause of the incident, in the sense that had Parker not been driving the bus, the incident would not have occurred, but use or ownership was not the proximate cause of their injuries in the legal sense.

RLI Ins. Co., 2008 WL 282126.  But see Nassau Ins. Co. v. Mel Jo-Jo Cab Corp., 102 Misc. 2d 455, 423 N.Y.S.2d 813 (N.Y. Sup. Ct. 1980) aff'd, 78 A.D.2d 549, 432 N.Y.S.2d 29 (N.Y. App. Div. 1980) (holding that alleged assault and battery by a driver of cab on his passenger did arise out of the "ownership, maintenance or use of automobile" based on fact that insured was in business of carrying passengers in automobiles and that liability coverage to common carrier was required by statute).

Here, it is clear that the facts are more similar to those in Premier Coach than in Nassau Ins. Co., 423 N.Y.S.2d 813.  First, the incident in question in Nassau Ins. Co., 423 N.Y.S.2d 813 occurred inside the vehicle, whereas the Lopez assault took place outside of the covered vehicle.

See R.A. Stuchbery & Others Syndicate 1096 v. Redland Ins. Co., 154 Cal. App. 4th 796, 805, 66 Cal. Rptr. 3d 80, 87 (Cal. Ct. App. 2007) (rejecting holding in Nassau Ins. Co., 423 N.Y.S.2d 813 on this basis). Moreover, the Mel Jo-Jo Cab court based its finding as to ownership of the subject vehicle on the fact that the "business of carrying passengers in a motor vehicle entails providing protection to the traveling public not only from injury inflicted by its driver's reckless management of the vehicle, but also from its driver's physical violence to the passenger." Nassau Ins. Co., 423 N.Y.S.2d 813; 423, N.Y.S.2d at 818. Here, the insured business is not a common carrier as defined under New York law, but rather a private trash hauler, and Lopez's assault was not on a passenger in the vehicle.[2]

Here, the injury at issue in the Underlying Action did not result from the "ownership, maintenance or use" of a covered "auto." Under New York's causation-based test, there is no causal connection between alleged assault the active use of the Lopez's vehicle. Moreover, the assault took place outside of the covered vehicle and constitutes an independent act that severs any causal connection between the motor vehicle and the assault that may have existed. Accordingly, National Casualty is not obligated to provide coverage for this claim because neither City Waste nor Lopez is able to meet the terms of the coverage grant in the National Casualty Policy.

---

[2] New York Transportation Law defines "Common carriers" as:

a railroad company, street railroad company, express company, car company, sleeping-car company, freight company, freight line company, baggage company, transfer company, carrier by water, person or the lessee, trustee or receiver appointed by any court whatsoever, owning, operating or managing any such agency for public use in the conveyance of persons or property within this state other than by use of ski tows and other passenger tramways operated at ski centers. The term shall not include an express company, baggage company or transfer company unless it is operated wholly or in part upon or in connection with a railroad or street railroad or a municipally owned ferry or ferry company operating under a lease from a city or a carrier by water except where it is engaged or may be required to be engaged with a carrier by railroad in the transportation of passengers or property over a through route partly by water and partly by railroad for a continuous carriage or shipment between points in this state."

N.Y. Transp. L. § 2(6) (McKinney 2010)

**C.    THE EXPECTED OR INTENDED INJURY EXCLUSION INDEPENDENTLY BARS COVERAGE FOR THIS CLAIM**

The National Casualty Policy excludes coverage for "bodily injury" that is "expected or intended from the standpoint of the insured." For this exclusion to apply, the insured must have intended to commit both the act at issue and the resulting "bodily injury." Mary & Alice Ford Nursing Home Co., Inc. v. Fireman's Ins. Co. of Newark, N.J., 86 A.D.2d 736, 446 N.Y.S.2d 599 (N.Y. App. Div. 1982) aff'd sub nom. Mary & Alice Ford Nursing Home Co. Inc. v. Fireman's Ins. Co. of Newark, New Jersey, 57 N.Y.2d 656, 439 N.E.2d 883 (1982); Town of Huntington v. Hartford Ins. Group, 69 A.D.2d 906, 415 N.Y.S.2d 904 (N.Y. App. Div. 1979); Cont'l Cas. Co. v. Plattsburgh Beauty & Barber Supply, Inc., 48 A.D.2d 385, 370 N.Y.S.2d 225 (N.Y. App. Div. 1975); C. W. Davis Supply Co. v. Newark Ins. Co., 60 Misc. 2d 946, 304 N.Y.S.2d 124 (N.Y. Sup. Ct. 1969).

More specifically, the "Expected Or Intended Injury" exclusion applies where "the harm . . . was inherent in the nature of acts alleged such as to be intentionally caused within the meaning of the policy exclusion." Tomain v. Allstate Ins. Co., 238 A.D.2d 774, 775, 656 N.Y.S.2d 470 (N.Y. App. Div. 1997) (quoting Monter v. CNA Ins. Companies, 202 A.D.2d 405, 406, 608 N.Y.S.2d 692 (N.Y. App. Div. 1994)). Application of the expected or intended injury exclusion requires a distinction between harm that "flows directly and immediately from [the insured's] intentional act, rather than arising out of a chain of unintended though foreseeable events that occurred after the intentional act." Pistolesi v. Nationwide Mut. Fire Ins. Co., 223 A.D.2d 94, 97, 644 N.Y.S.2d 819 (N.Y. App. Div. 1996).

With respect to assault, several New York courts have held that an intentional assault by an insured is not covered under a liability insurance policy by operation of the expected and intended injury exclusion. See, e.g., Allstate Ins. Co. v. Swanson, 46 A.D.3d 1453, 848

10

N.Y.S.2d 784 (N.Y. App. Div. 2007) (holding insurer was under no duty to defend its insured in underlying personal injury action as injury sustained by victim could reasonably have been expected to have resulted from the act); Allstate Ins. Co. v. Schimmel, 22 A.D.3d 616, 802 N.Y.S.2d 510 (N.Y. App. Div. 2005) (holding that insurance policy's exclusion for "bodily injury" which was "intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person," precluded coverage for insured in underlying action alleging assault claim against insured).

Here, the Underlying Complaint plainly alleges assault and battery by both City Waste and Lopez. On its face, this conduct is excluded under the "Expected Or Intended Injury" exclusion. Accordingly, National Casualty is not obligated to provide coverage for this claim because neither City Waste nor Lopez is able to meet the terms of the coverage grant in the National Casualty Policy.

## CONCLUSION

Based upon the foregoing reasons, Plaintiff, National Casualty Company, respectfully requests that this Court grant National Casualty's Motion for Default against City Waste and Lopez and enter an Order declaring that National Casualty has no obligation to provide a defense or indemnification to City Waste and/or Lopez for the claims asserted against them in a lawsuit pending in the New York Supreme Court, Bronx County, styled Hector Salva v. City Waste Services of New York, Inc. and Joel Lopez, Index No. 08-309214 ("Underlying Complaint"), with costs, interest, and such other relief as the Court deems just and proper.

Dated:  New York, New York
        November 5, 2010

                                Respectfully submitted,

                                _____
                                Ann M. Odelson, Esq.
                                S.D.N.Y. Bar #AO9681
                                CARROLL, McNULTY & KULL LLC
                                570 Lexington Avenue
                                New York, New York  10022
                                (908) 848-6300 (Phone)
                                (908) 848-6310 (Fax)