```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
NATIONAL CASUALTY COMPANY,            :
                                      :
             Plaintiff,               :
                                      :
        -v-                           :            10 Civ. 2820 (JSR)
                                      :
AMERICAN SAFETY CASUALTY INSURANCE    :            MEMORANDUM ORDER
COMPANY, CITY WASTE SERVICES OF NEW   :
YORK, INC., and JOEL LOPEZ,           :
                                      :
             Defendants.              :
------------------------------------- x
```



JED S. RAKOFF, U.S.D.J.

On November 1, 2010, the Court issued an Order granting defendant American Safety Casualty Insurance Company's motion to dismiss the Amended Complaint. This Memorandum Order explains the reasons for that decision and directs the closing of the case.

The above-captioned insurance coverage dispute arises out of an underlying personal injury action filed in the Supreme Court of New York on November 7, 2008. See Salva v. City Waste Services of New York, Inc., No. 08-309214 (N.Y. Sup. Ct.). The verified complaint filed in that action alleges that Joel Lopez ("Lopez"), an employee of City Waste Services of New York, Inc. ("City Waste"), "cut off" plaintiff Hector Salva ("Salva") while driving on the Major Deegan Expressway at or near the West 230th Street entrance ramp. Lopez and Salva subsequently drove to 5987-A Broadway in the Bronx, where both men exited their vehicles and became involved in a verbal altercation.

Salva alleges that at some point during this altercation, Lopez struck him on the head with a metal pole, causing him severe injury.

At the time of the altercation, City Waste was covered by the two insurance policies relevant to the instant action: a Commercial Auto Policy issued by plaintiff National Casualty Company ("National Casualty"), and a Commercial General Liability Policy issued by defendant American Safety Casualty Insurance Company ("American Safety"). Upon being informed of the lawsuit, National Casualty advised City Waste and its employee Lopez that it would provide a defense subject to a complete reservation of rights. See Exh. B, Am. Compl. ¶¶ 25-26. American Safety, however, issued a letter denying coverage based on the following policy exclusions: (1) an exclusion for intentional, unlawful acts that violate civil statutes and ordinances; (2) an exclusion for bodily injury claims arising out of the "ownership, maintenance or use" of an auto; and (3) an exclusion for "bodily injury" arising from the "supervision, hiring, employment, training or monitoring" of drivers of autos, if the alleged occurrence involved the "ownership, maintenance or use" of an auto. Am. Compl. ¶ 31.

On March 31, 2010, National Safety filed its first complaint ("Complaint") for declaratory relief pursuant to 28 U.S.C. § 2201; the Complaint sought a declaration of National Casualty's and American Safety's respective rights and obligations under the policies covering City Waste. On May 5, 2010, American Safety filed a motion to

2

dismiss, arguing, <u>inter alia</u>, that National Casualty had failed to state a claim and that it lacked standing to bring a declaratory action based on an alleged breach of contract between American Safety and City Waste. The Court heard oral argument on the motion on July 7, 2010, and dismissed the Complaint without prejudice on the grounds identified in American Safety's motion.

National Casualty filed an Amended Complaint on July 21, 2010. The Amended Complaint renews plaintiff's request for declaratory relief (Count I), and adds causes of action for contribution (Count II) and subrogation (Count III). American Safety filed a motion to dismiss on August 4, 2010, and the Court heard oral argument on the motion on October 14, 2010. Following oral argument, the Court allowed National Casualty to file a sur-reply addressing the question of whether the "designated premises" exclusion in American Safety's insurance policy bars coverage for the underlying action. After careful consideration of the parties' submissions and arguments, the Court granted American Safety's motion to dismiss on November 1, 2010.

In its memorandum of law in support of its motion to dismiss, American Safety first argues that National Casualty has no claim for subrogation because there is no allegation that National Casualty paid loss on behalf of the insured or that American Safety caused loss to the insured. The Court agrees. Claims for subrogation are solely derivative of the insured's right and not based on any independent right of the subrogee. <u>See</u> <u>Great American Insurance Co. v. United</u>

States, 575 F.2d 1031, 1034 (2d Cir. 1978). Thus, a subrogation claim lies only against the individual or entity causing loss to the insured. See Winkelmann v. Excelsior Insurance Co., 85 N.Y.2d 577, 581 (1995). Additionally, a claim for subrogation accrues only when the subrogee pays loss on behalf of the insured. See Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 105-06 (2d Cir. 1993)). In this case, National Casualty has not alleged that American Safety caused any loss to the insured. Additionally, National Casualty has not alleged that it has paid any loss on behalf of City Waste; indeed, it has expressly disclaimed any obligation to cover any losses. Thus, National Casualty's claim for subrogation is dismissed with prejudice.

National Casualty's claim for contribution must also fail. An action for contribution is available only upon a showing that two or more insurers cover the same insured for the same risk. See, e.g., National Cas. Co. v. Vigilant Ins. Co., 466 F. Supp. 2d 533, 540-41 (S.D.N.Y. 2006); Pa. Mfrs. Ass'n Ins. Co. v. Liberty Mut. Ins. Co., 837 N.Y.S.2d 445, 446 (N.Y. App. Div. 2007). National Casualty has not made this showing. To the contrary, the Amended Complaint asserts that National Casualty has no obligation to indemnify City Waste, see Am. Compl. ¶ 28, but that American Safety does have such an obligation, see id. ¶ 36. It is therefore apparent from the face of the Amended Complaint that the two insurers do not insure the same risk. The exhibits attached to the Complaint further support this conclusion. The National Casualty policy is a commercial auto policy,

4

whereas the American Safety policy is a general liability policy limited to designated premises and containing an exclusion for auto-related losses. Thus, the American Safety policy expressly excludes from coverage the very risk insured by National Casualty. Accordingly, the Court hereby dismisses with prejudice National Casualty's claim for contribution.

As the claims for subrogation and contribution have been dismissed, the Amended Complaint is reduced to the single claim for declaratory relief pursuant to 28 U.S.C. § 2201. However, as the Court previously determined when it dismissed the original Complaint, the federal Declaratory Judgment Act in itself affords National Casualty no relief against American Safety under the facts as pled.

Accordingly, the entire Amended Complaint is dismissed with prejudice as against defendant American Safety. Since default judgments have now been issued against the other two defendants, the Clerk of the Court is directed to close the case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 2, 2010
       ~~November 30~~, 2010